**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4232**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PORTIA LAURICE CARRINGTON-GREEN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Roderick Charles Young, District Judge. (2:20-cr-00079-RCY-RJK-1)

Submitted: December 16, 2021                    Decided: December 17, 2021

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Elizabeth M. Wood-Hanna, ELIZABETH M. WOOD, P.C., Virginia Beach, Virginia, for Appellant. Kristin Greene Bird, Special Assistant United States Attorney, Norfolk, Virginia, Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Portia Laurice Carrington-Green appeals the sentence of 12 months and one day of imprisonment imposed following her guilty plea to transfer of a firearm to a prohibited person, in violation of 18 U.S.C. § 922(d)(1).  On appeal, Carrington-Green's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court adequately considered the health of Carrington-Green and her mother when fashioning the sentence. Carrington-Green was notified of her right to file a pro se supplemental brief but has not done so.  The Government moves to dismiss the appeal pursuant to the appeal waiver in Carrington-Green's plea agreement.  We dismiss in part and affirm in part.

We review the validity of an appeal waiver de novo.  *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018).  "[W]e will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver."  *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  A waiver is valid if it is knowing and voluntary.  *Id.*

Carrington-Green does not dispute that she knowingly and voluntarily waived her right to appeal, and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable.  *See United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). Carrington-Green's challenge to the reasonableness of her sentence falls squarely within the scope of the waiver.  Moreover, we have thoroughly reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the waiver's broad compass.  Accordingly, we grant the Government's motion to dismiss

2

in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment.

This court requires that counsel inform Carrington-Green, in writing, of the right to petition the Supreme Court of the United States for further review. If Carrington-Green requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carrington-Green.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*